UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SIMONA HOWE                                   :
                                              :
    Plaintiff,                                :
                                              :
v.                                            :   Case No. 13-1273
                                              :
THE EMBASSY OF ITALY                          :   **JURY TRIAL DEMANDED**
Serve:  3000 Whitehaven Street, NW            :
       Washington, DC 20008                   :
                                              :
    Defendant.                                :

## COMPLAINT

Plaintiff Simona Howe ("Dr. Howe") submits the following in support of her Complaint against the Embassy of Italy:

## PARTIES

1. Dr. Howe is a Virginia resident who has worked for the Embassy of Italy since 1988.

2. The Embassy of Italy is located in the District of Columbia and regularly engages in commercial activity including the hiring of employees and the management of an employee benefit plan.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1603(d).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the Embassy of Italy is located within the District and because the employee benefit plan at issue was administered in this District.

## FACTUAL BACKGROUND

5. This is a civil enforcement action under the Employee Retirement Income Security Act ("ERISA") pursuant 29 U.S.C. § 1132(a).

6. Dr. Howe commenced her employment with the Embassy of Italy in 1988 as a press secretary and translator.

7. At the time she commenced employment, Dr. Howe was a citizen of Canada, working in the United States as a Green Card holder.

8. As she was neither a citizen of the United States nor Italy, Dr. Howe could not participate in a government sponsored retirement benefits program through either the government of the United States or the government of Italy.

9. The Embassy of Italy had provided a pension program for those who were neither citizens of the United States nor Italy.

10. The employment contract between Dr. Howe and the Embassy of Italy provided that the Embassy of Italy would underwrite an insurance policy with benefits most analogous to Social Security (the "Plan").

11. The funding and the costs of the Plan were to be split equally between Dr. Howe and the Embassy of Italy.

12. The Embassy of Italy established the Plan for Dr. Howe with Aetna Life Insurance and Annuity Company in 1988.

13. In connection with her participation in the Plan, Dr. Howe executed a Participation Agreement in the Deferred Compensation Plan (the "Participation Agreement").

14. The Participation Agreement contained the amount of contribution to the Plan by both Dr. Howe and the Embassy of Italy.

15. The calculations used to arrive at the contribution amount in the Participation Agreement were calculated, incorrectly, by the Head of Administration at the Embassy of Italy.

16. The Embassy of Italy miscalculated the contribution by 50%, meaning that both Dr. Howe and the Embassy of Italy only contributed 50% of their required amounts.

17. Each and every Participation Agreement executed by Dr. Howe thereafter also contained incorrect contribution amounts, resulting in Dr. Howe having less than one-half of what she would have had in the Plan had the amounts been properly calculated.

18. Dr. Howe did not become aware of the miscalculation and resulting shortfall to her Plan until August, 2010.

19. However, the Embassy of Italy and the Ministry of Foreign Affairs knew or should have known of the shortfall immediately by looking at the differences in contribution between what was contributed to Dr. Howe's account and the accounts of other employees.

20. The contribution amounts for other employees were not available or accessible to Dr. Howe, making it impossible for her to know that the Plan was severely underfunded.

21. On August 24, 2010, Dr. Howe requested that the Embassy of Italy remedy the shortfall.

22. The Embassy of Italy did not comply with her request and failed to provide her with relevant documents, claiming that they had been lost. Several of the documents, including a copy of the Plan, had been destroyed by the Embassy of Italy and were not retained by ING.

23. Subsequently, Dr. Howe requested that Chris Piczak of ING (the current administrator of the Plan) perform calculations necessary to determine the shortfall amount to the Plan.

24.     Mr. Piczak's calculations indicated that Dr. Howe should have had $190,631.00 in her Plan in May 2011, whereas in fact the amount contained in the Retirement Account was only $81,905.00.

25.     As a result of the failure of the Embassy of Italy to abide by its obligations, Dr. Howe has been damaged in the amount of $141,134.00, which represents the $117,134.00 shortfall and the 20% penalty as authorized by statute.

## COUNT 1 - VIOLATION OF 29 U.S.C. § 1132

26.     The foregoing paragraphs are incorporated herein by reference.

27.     The Plan was established by the Embassy of Italy.

28.     The purpose of the Plan was to provide disability, pension and survivorship benefits to Dr. Howe equivalent to the amount of Social Security.

29.     Dr. Howe was entitled to receive benefits under the Plan.

30.     Dr. Howe is a participant under the Plan as that term is defined by 29 U.S.C. 1002(A).

31.     The Embassy of Italy failed to fund the Plan in accordance with its agreement with Dr. Howe.

32.     The Embassy of Italy, by purchasing and maintaining the Plan, was engaged in a commercial activity.

33.     Dr. Howe is due $117,612.00 under the Plan resulting from the Embassy of Italy's failure to properly fund the Plan.

34.     Dr. Howe is entitled to reasonable attorneys fees and costs pursuant to 29 U.S.C. § 1132(g).

35.     Dr. Howe is entitled to civil penalties pursuant to 29 U.S.C. § 1132(l).

Wherefore, Plaintiff Simona Howe requests that this Court award her $117,612.00, reasonable attorneys' fees and costs as allowable by 29 U.S.C. § 1132(g), civil penalties as allowable by 29 U.S.C. § 1132(l), and all other relief deemed appropriate.

### COUNT 2 – REQUEST FOR CLARIFICATION OF FUTURE BENEFITS PURSUANT TO U.S.C. § 1132

36. The foregoing paragraphs are incorporated herein by reference.

37. Dr. Howe remains an employee of the Embassy of Italy.

38. The Plan remains in place.

39. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Dr. Howe seeks to have her future benefits under the Plan clarified, including the specific contribution amounts the Embassy of Italy is required to contribute to the Plan.

Wherefore, Simona Howe requests that this Court, pursuant to 29 U.S.C. § 1132(a)(1)(B), clarify her rights under the Plan and grant all other relief deemed appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Date: August 20, 2013.

   /s/ Mariam W. Tadros
Susan Richards Salen
D.C. Bar No.457260
Mariam W. Tadros
D.C. Bar No. 1000548
REES BROOME, PC
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
Tel: (703) 790-1911
Fax: (703) 848-2530
ssalen@reesbroome.com
mtadros@reesbroome.com
*Counsel for the Plaintiff*

K:\08\08857\00001\PLDGS\130801 Complaint.doc